## Rio Appeal

*B. V. DiGiacomo*, for appellant.

*D. L. Quinlan*, for Commonwealth.

KNIGHT, P. J., May 18, 1955.—After hearing the following facts are found:

I. Appellant is 25 years of age and has operated an automobile for seven years. This is his first violation.

II. On October 11, 1954, at 8:25 a.m. appellant was driving his car on the expressway in Lower Merion Township at a speed of 65 miles an hour. His speed was properly checked by a member of the State Police.

III. Appellant received a summons from a justice of the peace and paid a fine and costs. He requested a hearing before a representative of the Department of Revenue but did not attend the hearing.

IV. Shortly after the arrest of appellant the speed limit on the expressway, where appellant was arrested, was increased from 50 to 60 mph.

V. The suspension of appellant's operating privileges will cause some inconvenience to him and members of his family.

### Discussion

Under the circumstances here present, while there is no doubt of appellant's guilt, we are of the opinion that a suspension of 45 days will answer the ends of justice.

Counsel for appellant in his brief states that this court has no authority to modify the decision of the Secretary of Revenue. He cites no authority for this statement. The act states that on appeal the case shall be heard de novo and the court may not even consider the proceedings before the Secretary of Revenue. The case being heard de novo this court has the power to fix the suspension at such period it may deem just and right.

And now, May 18, 1955, the action of the Secretary of Revenue in suspending the operating privilege of Peter J. Rio is sustained and the operating privilege of Peter J. Rio is hereby suspended for a period of 45 days from May 20, 1955.